Dated: December 11, 2020

ORDERED.

_Jerry A. Funk_
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

                                                                                                                                 Chapter 11

SPIDERMAN SCOTT MULHOLLAND and          Case No.         3:18-bk-4096-JAF
TINA MARIE FOLEY MULHOLLAND

      Debtors.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court on the Motion to Dismiss, for Conversion or in the Alternative for Appointment of a Trustee filed by Creditor REBEKKA TRAHAN ("Trahan"). (Doc. 83). In the motion, filed pursuant to 11 U.S.C. § 1112(b), Trahan seeks dismissal of the case, conversion of the case, or the appointment of a Chapter 11 trustee. Debtors SPIDERMAN SCOTT MULHOLLAND and TINA MARIE FOLEY MULHOLLAND ("Debtors") filed a response in opposition. (Doc. 93). A trial was held on July 22 and 23, 2020. (Docs. 395 & 399). The parties filed post-trial briefs. (Docs. 416 & 419). Upon the evidence presented and the applicable law, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rules 9014(c) and 7052.

## **Findings of Fact**

In November 2018, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Court authorized Debtors to maintain possession of estate property as debtors-in-possession, under § 1108 of the Bankruptcy Code and Local Rule 2081-1. (Doc. 5). Trahan filed a secured proof of claim stemming from a state-court judgment debt obtained by Trahan against both Debtors in 2018. The judgment stated Trahan shall "recover from defendants, Spiderman Scott Mulholland and Tina Mulholland [ ], the sum of $4,643,000.00, that shall bear interest at the rate of 5.97 % a year, for which let execution issue." (Claim 14-2 Part 2 at 1) (the "Judgment Debt"). The judgment was affirmed by the state appellate court. Trahan's allowed claim is secured by a statutory judgment lien on Debtors' "interest in all personal property in [Florida] subject to execution [ ], other than fixtures, money, negotiable instruments, and mortgages." § 55.202(2), Fla. Stat. (2018). The Judgment Debt is nondischargeable, as to Spiderman Mulholland, pursuant to § 523(a)(6) of the Bankruptcy Code. (Docs. 21 & 23, adv. pro. 3:19-ap-0063). On July 13, 2020, Trahan filed an amended proof claim, which values the claim at roughly $5.1 million with post-judgment interest. (Claim 14-2).

Debtors' bankruptcy estate includes one hundred percent of the stock in a Florida corporation named US Building Consultants, Inc. ("US Building"). US Building remediates commercial construction defects related to water intrusion. US Building is operated by Spiderman Mulholland, who is the face of the business, as well as the owner and an employee. Tina Marie Mulholland is also an employee. The parties agree US Building is valued at no less than $4.8 million. (Doc. 167).

Trahan presented expert testimony indicating Debtors charged personal expenses to a credit card held in the name of US Building. Trahan's expert could not precisely explain these suspect

charges because US Building's ledger did not delineate exactly what was charged and how the charged items were used. Trahan's expert further showed that, in 2019, the year after Trahan obtained the judgment against Debtors, US Building's wage expenses increased by roughly $130,000 while gross revenue decreased by $100,000. The wage increase was due to increased wages paid to Debtors and other insiders as employees of US Building.

Debtors filed this Chapter 11 petition to halt Trahan's collection efforts. US Building's revenue has recovered since the filing of this bankruptcy case, and US Building remains a viable going concern with Spiderman Mulholland at the helm. Moreover, Spiderman Mulholland retains the personal knowledge and capability to operate the core business of US Building.

## **Conclusions of Law**

On the motion of any party in interest, unless the Court "finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate," the court must dismiss a Chapter 11 case or convert the case to a Chapter 7 case if the movant establishes "cause." 11 U.S.C. § 1112(b)(1)-(2) (2018). Section 1112(b)(4) provides that "cause" includes sixteen (16) specific bases. 11 U.S.C. § 1112(b)(4)(A)-(P) (2018). Alternatively, in lieu of conversion or dismissal, the Court may appoint a Chapter 11 trustee, pursuant to § 1104(a), if the Court determines that doing so is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1) (2018).

As a result of Congress's 2005 amendments to the Bankruptcy Code, dismissal or conversion under § 1112(b) is no longer permissive if "cause" is established. However, the Court maintains broad discretion in determining whether the particular facts and circumstances of a given case constitute "cause" under § 1112(b)(1). In re Bruno One, Inc., 2020 WL 4282751, at *3 (M.D. Fla. July 27, 2020) (holding that abuse of discretion standard applies to reviewing a bankruptcy court's decision under § 1112(b)(1)) (citing In re Pegasus Wireless Corp., 391 F. App'x. 802, 802

n.2 (11th Cir. 2010)).  Generally, bankruptcy courts "focus on the benefit to the estate and not the debtor."  5 Norton Bankr. L. & Prac. 3d § 103:6 (Oct. 2020).

Here, Trahan's motion alleges the following bases for "cause":  a) Debtors' diminution of the bankruptcy estate with no reasonable likelihood of rehabilitation under § 1112(b)(4)(A); b) Debtors' gross mismanagement of the estate under § 1112(b)(4)(B); c) Debtors' failure to maintain insurance that poses a risk to the estate under § 1112(b)(4)(C); d) Debtors' unexcused untimely financial reporting under § 1112(b)(4)(F); and e) Debtors' lack of good faith in the filing/administering of this bankruptcy case.  The Court address each of these bases below and concludes "cause" is not present in this case.

    A.    § 1112(b)(4)(A) – Loss to Estate and Unlikelihood of Rehabilitation.

"Under 11 U.S.C. § 1112(b)(4)(A), cause for dismissal exists when there is 'substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.'"  In re Vallambrosa Holdings, L.L.C., 419 B.R. 81, 88 (Bankr. S.D. Ga. 2009).  "Section 1121(b)(4)(A) is written in the conjunctive; therefore, it requires both a loss to or diminution of the estate and an absence of a reasonable likelihood of rehabilitation."  Id. at 89.  The purpose of § 1112(b)(4)(A) is to "preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation."  Loop Corp. v. U.S. Trustee, 379 F.3d 511, 515 (8th Cir. 2004) (construing former § 1112(b)(1) which was later renumbered to § 1112(b)(4)(A)), cert. denied, 543 U.S. 1055 (2005).

"Rehabilitation 'contemplates the successful maintenance or re-establishment of'" the debtor's personal or business operations.  Vallambrosa Holdings, 419 B.R. at 89.  "Determining whether there is a likelihood of rehabilitation is not a 'technical [test] of whether the debtor can

confirm a plan, but rather, whether the debtor's business prospects justify continuance of the reorganization effort.'" Id.; In re Basil St. Partners, 477 B.R. 856, 862 (Bankr. M.D. Fla. 2012).

Here, while the evidence establishes diminution of the cash assets of US Building, there is no indication that Debtors would be unable to reestablish their business operations. US Building is Debtors' primary source of income, and its revenue and profitability have remained steady since the filing of this bankruptcy petition. Spiderman Mulholland remains capable of operating US Building, and the business retains the equipment and personnel needed to operate profitably.

The Court acknowledges that, in a separate order entered contemporaneously herewith, it has denied confirmation of Debtors' Chapter 11 plan. However, the issue is not whether Debtors can confirm a plan. Rather, the issue is whether Debtors' financial prospects justify continuing the bankruptcy case. Basil St. Partners, 477 B.R. at 862. Given that Debtors are in a financially stable situation (but for the judgment debt owed to Trahan), the Court must conclude that "cause," under § 1112(b)(4)(A), does not exist because there is no unlikelihood of rehabilitation. 5 Norton Bankr. L. & Prac. 3d § 103:7 (Oct. 2020).[1]

### B.    § 1112(b)(4)(B) – Gross Mismanagement of Estate.

"Cause" exists, pursuant to § 1112(b)(4)(B), if the movant proves "gross mismanagement of the estate" by the debtor-in-possession. 11 U.S.C. § 1112(b)(4)(B) (2018). "[T]he gross mismanagement factor does not relate back to pre-petition conduct." In re Basil St. Partners, LLC, 477 B.R. 856, 863 (Bankr. M.D. Fla. 2012). Generally, where gross mismanagement is shown, the appropriate remedy is often appointment of a Chapter 11 trustee. 5 Norton Bankr. L. & Prac. 3d § 103:8 (Oct. 2020).

---

[1] The Motion to Dismiss was filed on March 23, 2019. Ordinarily, a motion to dismiss is filed and decided well before a confirmation hearing. However, at the preliminary hearing on Trahan's Motion to Dismiss, the parties agreed that an evidentiary hearing on the Motion to Dismiss would be heard concurrently with the first confirmation hearing set by the Court. The confirmation hearing was set for January 13, 2020 but was ultimately held on July 22, 2020.

Here, US Building is the primary estate asset and source of Debtors' income. US Building has been operated in a profitable manner throughout the pendency of this case. US Building experienced a loss of clients and revenue following the verdict in Trahan's tort suit, but revenue returned to a profitable level, and there is no indication of any mismanagement of the business operations of US Building or any other estate assets. The Debtors have timely serviced existing debt and have paid all adequate protection payments as ordered by the Court. The Court determines the facts and evidence presented do not demonstrate mismanagement of the estate sufficient to warrant dismissal, conversion, or appointment of a trustee. Trahan has failed to meet her burden under this basis for relief.

      C.      **§ 1112(b)(4)(C) – Failure to Maintain Insurance that Poses Risk to Estate.**

Section 1112(b)(4)(C) provides that "Chapter 11 debtors who fail to maintain liability insurance expose the restructured corporation to postpetition liability, thereby exposing creditors to risk as well." 5 Norton Bankr. L. & Prac. 3d § 103:9 (Oct. 2020). The intent underlying § 1112(b)(4)(C) is to prevent the debtor from exposing him/her/itself to "deepening insolvency." Id. Arguably, "Congress is trying to prevent a debtor from [ ] creating involuntary creditors who would be unable to collect if the debtor ultimately fails to reorganize." Id.

Here, Trahan claims Debtors' failure to insure an unimproved 3-acre parcel of land during this bankruptcy case constitutes "cause" under § 1112(b)(4)(C). This argument grasps at straws. The failure to insure unimproved land does not pose a "risk" to the bankruptcy estate as contemplated under § 1112(b)(4)(C). Trahan presented no credible evidence on the liability exposure from the unimproved land, and the Court cannot speculate as to such liability exposure. The unimproved parcel does not provide income to Debtors or the bankruptcy estate. There is no

evidence showing this failure to insure the parcel creates a viable risk of "deepening insolvency." Trahan has failed to demonstrate "cause" under § 1112(b)(4)(C).

### D. § 1112(b)(4)(F) – Failure to Timely Report.

"Cause" exists to convert or dismiss under § 1112(b)(4)(F) for "unexcused failure to satisfy timely any filing or reporting requirement established by [Title 11] or by any rule applicable to a case under [Chapter 11]." 11 U.S.C. § 1112(b)(4)(F) (2018); 5 Norton Bankr. L. & Prac. 3d § 103:12 (Oct. 2020). There is little case law applying § 1112(b)(4)(F) in the Eleventh Circuit and, as at least one legal treatise notes, "courts appear reluctant to dismiss a case even when the debtor failed to timely file required documents." Id.; but see In re Tucker, 411 B.R. 530, 532 (Bankr. S.D. Ga. 2009) (finding "cause" where "Debtor's monthly operating reports are incomplete, misleading, and materially false.").

Here, the Court determines that, as a discretionary matter, the present facts do not demonstrate an "unexcused failure" by Debtors to fulfill their reporting as contemplated by § 1112(b)(4)(F). The untimely reports were ultimately produced and were not materially misleading or false. See Tucker, 411 B.R. at 532. Therefore, the failure to make timely reports does not rise to a level constituting "cause" under these circumstances.

### E. Lack of Good Faith.

"In Marrama, the Supreme Court made clear bad faith is pertinent in all Chapters of the Bankruptcy Code, regardless of whether a provision contains an explicit good-faith filing requirement." In re Piazza, 719 F.3d 1253, 1265 (11th Cir. 2013) (citing Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 373-75 (2007)). "In this Circuit, there is clear and long-established guidance which holds that a Chapter 11 case which is not filed in good faith can be

dismissed for 'cause.'" In re Vallambrosa Holdings, L.L.C., 419 B.R. 81, 85 (Bankr. S.D. Ga. 2009); In re Bal Harbour Club, Inc., 316 F.3d 1192, 1193 (11th Cir. 2003).

"Although there is no particular test for determining whether a debtor has filed a petition in bad faith, courts may consider factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" In re Southside Church of Christ of Jacksonville, Inc., 572 B.R. 384, 388 (Bankr. M.D. Fla. 2017) (quoting In re Phoenix Piccadilly, Ltd., 849 F.2d 1393, 1394 (11th Cir. 1988)); Bal Harbour Club, 316 F.3d at 1194 (holding that the use of the bankruptcy process to "gain a strategic advantage over another interested party" constituted "cause" under § 1112(b) and affirming dismissal of Chapter 11 case).

The following factors constitute evidence of a bad-faith bankruptcy filing: i) the debtor has only one asset in which it does not hold legal title (e.g., single asset real estate); ii) the debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors; iii) the debtor has few employees; iv) the property is the subject of a foreclosure action as a result of arrearages on the debt; v) the debtor's financial problems involve essentially a dispute between the debtor and the secured creditors which can be resolved in a pending state court action; and vi) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights. Southside Church, 572 B.R. at 388. However, at the end of the day, the key determination is whether the evidence proves "intent to abuse the judicial process and the purposes of the reorganization provisions" or intent "to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." Phoenix Piccadilly, 849 F.2d at 1394.

Here, the key estate property is US Building. US Building is not subject to foreclosure. The tort claims brought by Trahan have been resolved with finality by the trial and appellate courts. While Debtors' Chapter 11 petition was brought with intent to bring Trahan's debt collection efforts to a pause, filing a bankruptcy petition for this purpose is not an abuse of the bankruptcy process and does constitute intent to "frustrate" Trahan's efforts to enforce her rights. Debtors are allowed to use the bankruptcy process to financially reestablish themselves. Further, Debtors' use of US Building's cash assets to pay wages and administrative claims, in light of the evidence presented, does not cross the line into bad faith under these circumstances. In sum, the evidence does not persuade the Court of the existence of bad faith that is sufficient to warrant dismissal, conversion, or appointment of a trustee.

## **Conclusion**

Trahan failed to prove: 1) a loss to Debtors' bankruptcy estate coupled with the absence of a reasonable likelihood of rehabilitation; 2) Debtors' gross mismanagement of their bankruptcy estate; 3) Debtors' failure to maintain insurance that poses a risk to the bankruptcy estate; 4) Debtors' unexcused failure to satisfy timely filing or reporting requirements; or 5) Debtors' lack of good faith in filing this bankruptcy estate. Accordingly, cause to dismiss the case, convert the case, or appoint a Chapter 11 trustee does not exist. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

Attorney Julianne Frank is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of the order.